**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JENNIFER ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-394 PS |
| | ) | |
| SEIU NATIONAL INDUSTRY PENSION FUND, and TRACY LYNN ARMSTRONG | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Jennifer Armstrong filed an amended complaint on August 30, 2005, alleging that SEIU National Industry Pension Fund ("NIPF") failed to provide her with her deceased father's pension benefits (an ERISA claim) and that Defendant Tracy Armstrong, her sister, committed conversion of those benefits. Plaintiff seeks the total of: (1) one-half of the amount of the pension funds worth approximately $60,000; (2) one-half of the funds in a bank account worth $8,000; (3) one-half of the value of a trailer worth $15,000; and (4) one-half of the value of tools worth $2,000. (Am. Compl. at ¶ 10; *id.* at 6.) Plaintiff also seeks a preliminary injunction and punitive damages against Defendant Armstrong. (*Id.* at 5-6.) Plaintiff was a citizen of Indiana at the time she filed the original complaint. (*Id.* at ¶ 19.) Defendant Armstrong is a citizen of Illinois. (*Id.* at ¶ 11.) Both Defendants filed motions to dismiss in late October 2005. Plaintiff failed to respond to either motion. Before the Court is Defendant Tracy Armstrong's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 35].[1]

Defendant Armstrong asserts that this Court does not have subject matter jurisdiction

---

[1] Defendant NIPF's motion to dismiss has been addressed in a different order.

over this matter because there is no diversity. In particular, Defendant maintains that the amount in controversy does not exceed the jurisdictional amount. (*See* Def.'s Mem. at 3.) She is mistaken.

## I. DISCUSSION

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a). The Amended Complaint alleges that Plaintiff is a citizen of Indiana and that Defendant Armstrong is a citizen of Illinois. The requirement that the parties be citizens of different States is thus fulfilled.

The issue in the present Motion to Dismiss is whether the amount of controversy is at least $75,000. Plaintiff seeks one-half of the total value of the pension benefits (worth $60,000), bank account (worth $8,000), trailer (worth $15,000), and tools (worth $2,000). One half of this total value ($85,000) equals $42,500. Defendant Armstrong asserts that this amount of damages fails to meet the amount-in-controversy prong of diversity jurisdiction. She however fails to consider Plaintiff's specific claim of conversion or her claim for punitive damages.

Plaintiff alleges conversion against Defendant Armstrong. (*See* Am. Compl. ¶ 7.) Indiana statutory law permits treble damages in civil actions alleging criminal conversion. *See* I.C. 34-24-3-1 ("If a person suffers a pecuniary loss as a result of a violation of I.C. 35-43 [I.C. 35-43-4-3 states the elements of conversion] . . . , the person may bring a civil action against the person who caused the loss for the following: (1) [a]n amount not to exceed three (3) times the actual damages of the person suffering the loss[;] (2) [t]he costs of the action[; and] (3) [a] reasonable attorney's fee. . . ."); *see also Harlan Bakeries, Inc. v. Muncy*, 835 N.E.2d 1018,

1037-38 (Ind. Ct. App. 2005) (finding that an award for treble damages for civil claim alleging conversion was appropriate). Plaintiff here seeks actual damages of $42,500. This amount times three equals $127,500, which exceeds $75,000, the required amount in controversy. Because it is legally possible for Plaintiff to recover treble damages for this action, her lawsuit exceeds the amount-in-controversy prerequisite for diversity jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.") (citations omitted).

Alternatively, Plaintiff seeks punitive damages – either three times the amount of compensatory damages or $50,000, whichever is greater.[2] *See* I.C. 34-51-3-4 ("A punitive damage award may not be more than the greater of: (1) three (3) times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000)."); *see also Westray v. Wright*, 834 N.E.2d 173, 178 n.4 (Ind. Ct. App. 2005) ("Indiana Code section 34-51-3-4 requires that a punitive damages award may not exceed three times the amount of the compensatory damages award."). Plaintiff's request for punitive damages, which under Indiana law could reach $127,500, exceeds the amount-in-controversy requirement.

Accordingly, Plaintiff's Amended Complaint seeks an amount of damages that exceeds the jurisdictional minimum. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) ("When the complaint includes a number, it controls unless recovering that amount would be legally impossible.").

---

[2] Plaintiff may not obtain both punitive damages and treble damages for her conversion claim. *See* I.C. 34-24-3-3 ("[A] person may not recover both: (1) punitive damages; and (2) the amounts provided for under section 1 of this chapter [34-24-3-1].").

Finally, the Court notes that it may also exercise supplemental jurisdiction over this matter. Plaintiff has brought a claim against NIPF under ERISA, which confers original jurisdiction upon this Court. 29 U.S.C. § 1132(e)(1). Under 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). This Court's original jurisdiction over the federal question under ERISA "carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,'" namely, Plaintiff's claim against Defendant Armstrong. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997)).

This Court therefore has subject matter jurisdiction to consider Plaintiff's state law claims under either 28 U.S.C. § 1332(a) (diversity jurisdiction) or § 1367(a) (supplemental jurisdiction).

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Armstrong's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 35]. The Court reminds parties of the status hearing scheduled for June 28, 2006 at 1:00 PM. The Court expects both parties to be present at the hearing.

**SO ORDERED.**

ENTERED: May 16, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT